UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Bay Shore Power Company,                              Case No. 3:17-cv-1982

        Plaintiff

    v.                                                           MEMORANDUM OPINION
                                                                     AND ORDER

Oxbow Energy Solutions LLC,

        Defendant

### I.    INTRODUCTION

Before me are Plaintiff and Defendant's cross-motions for summary judgment on Plaintiff's claim to contractual attorney fees. (Doc. Nos. 32 & 33). Each filed a memorandum in opposition to the motion of the other. (Doc. Nos. 34 & 35).

### II.    BACKGROUND

In 1998, Plaintiff Bay Shore Power Company and Defendant Oxbow Energy Solutions LLC executed the Limestone Supply Agreement ("LSA"), whereby Oxbow would deliver limestone to Bay Shore for a certain price on a long-term basis. When the terms of the LSA became disadvantageous to Oxbow in 2012, a dispute arose. To resolve this dispute, the parties followed the Dispute Resolution Procedures of the LSA as required by Section 15.6, (Doc. No. 7-1 at 20), and went to arbitration in 2017.

During arbitration, both parties requested attorneys' fees, but Oxbow did so "only 'to the extent provided by the LSA.'" (Doc. No. 12-6 at 5). When evaluating the requests for attorneys' fees, the arbitration panel looked to subsections (b)(iv) and (b)(v) of the Dispute Resolution Procedures, which state,

      (iv) Binding Nature.  Any decision rendered by the arbitrators pursuant to any arbitration shall be final and binding upon the parties hereto, and judgment may be entered upon it in accordance with Applicable Law in any court of competent jurisdiction, including award of damages or injunctive relief, and may, in the discretion of the panel, assess the costs of the arbitration (including reasonable fees and expenses of the members of the panel) against any party as the panel shall determine (but excluding attorneys' fees which shall be borne by each party individually); provided, that the arbitrators shall have no power or jurisdiction to alter or modify any express provision to any agreement that is the subject of such arbitration or to make any award which, by its terms or effect, alters or modifies any such express provision.  Any party to such arbitration may appeal to any State or Federal court of competent jurisdiction sitting in Cleveland, Ohio on the basis that the panel has made a mistake of law or the panel's finding or award is against the weight of evidence or is beyond the power or jurisdiction of the panel.

      (v) Costs and Expenses. The prevailing party in any arbitration or court proceedings shall be reimbursed by the other party for all costs, expenses and charges, including, without limitation, reasonable attorneys' fees, incurred by said prevailing party.

(Doc No. 7-1 at 27-28).

In its analysis of the issue, the arbitration panel noted that "subsection (b)(v) seems to contradict subsection (b)(iv)" and held that, due to the unclear language, the LSA did not give the panel jurisdiction to award attorneys' fees. (Doc. No. 12-6 at 5). Even so, the panel went on to analyze whether a "subsequent agreement conferred such jurisdiction." (*Id.*). Ultimately, the panel held it did not have jurisdiction to award attorneys' fees, reasoning that,

> even though there is some ambiguous and contradictory language in the LSA, one section of the LSA on its face contains language that prohibits the award of attorneys' fees by an arbitration panel. Since, Oxbow's request specifically acknowledges that it was limited by the language of the LSA, we do not find that the parties agreed through their pleadings to waive the language of the LSA.

(*Id.*).

After deciding it did not have jurisdiction to award attorneys' fees, the arbitration panel resolved the underlying dispute in favor of Bay Shore and awarded Bay Shore "$4,868,326.47 plus interest at the statutory rate from the date of th[e] Award." (*Id.* at 15). Subsequently, Bay Shore brought this action to confirm the arbitration award and obtain attorneys' fees incurred during arbitration. (Doc. No. 1). After some motion practice, the parties filed a joint stipulated motion to

2

resolve the confirmation-of-award issue proposing that Oxbow would pay Bay Shore the amount awarded plus interest accrued through March 30, 2018 on or before March 30, 2018.  (Doc. No. 25). I granted this stipulated motion.  (Doc. No. 26).  Accordingly, all that remains is Bay Shore's claim to arbitration-related attorneys' fees.

### III.    STANDARD

Summary judgment is appropriate if the movant demonstrates there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a). All evidence must be viewed in the light most favorable to the nonmovant, *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 390 (6th Cir. 2008), and all reasonable inferences are drawn in the nonmovant's favor.  *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 535 (6th Cir. 2014).  A factual dispute is genuine if a reasonable jury could resolve the dispute and return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A disputed fact is material only if its resolution might affect the outcome of the case under the governing substantive law.  *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013).

### IV.    DISCUSSION

Bay Shore claims the LSA requires Oxbow to reimburse Bay Shore, as the prevailing party in arbitration, for arbitration-related attorneys' fees.  Oxbow disagrees, pointing to the "ambiguous and contradictory language in the LSA," noted by the arbitration panel.  (*See* Doc. No. 12-6 at 5). Resolution of this dispute is a matter of Ohio contract law.  *See Alexander v. Buckeye Pipe Line Co.*, 374 N.E.2d 146, 148, syl. ¶ 1 (Ohio 1978).

Under Ohio law, "contracts are to be interpreted so as to carry out the intent of the parties, as that intent is evidenced by the contractual language."  *Skivolocki v. East Ohio Gas Co.*, 313 N.E.2d 374, 376 (Ohio 1974).  Should the terms of the contract fail to show an objective meeting of the minds, the contract may not be enforced.  *See 216 Jamaica Ave., LLC v. S & R Playhouse Realty Co.*,

540 F.3d 433, 440 (6th Cir. 2008) (Ohio law requires "that the terms of the agreement establish an objective meeting of the minds, which is to say that the contract was clear and unambiguous."); *Kostelnik v. Helper*, 770 N.E.2d 58, 61 (Ohio 2002) ("A meeting of the minds as to the essential terms of the contract is a requirement to enforcing the contract."). But, when construing a contract, the court

> should attempt to harmonize all the provisions rather than produce conflict in them. See *Farmers Natl. Bank v. Delaware Ins. Co.* (1911), 83 Ohio St. 309, 94 N.E. 834. To that end, no provision of the contract should be ignored as inconsistent if there exists a reasonable interpretation which gives effect to both. *Expanded Metal Fire–Proofing Co. v. Noel Constr. Co.* (1913), 87 Ohio St. 428, 434, 101 N.E. 348, 350.

*Ottery v. Bland*, 536 N.E.2d 651, 654 (Ohio Ct. App. 1987).

Here, Bay Shore first asserts subsections (b)(iv) and (b)(v) do not conflict, alleging subsection (b)(iv) only "carves out attorneys' fees from the *arbitrator's jurisdiction*" rather than foreclosing reimbursement of arbitration-related attorneys' fees entirely. (Doc. No. 32-1 at 5) (emphasis in original). Subsection (b)(v), Bay Shore claims, then requires the non-prevailing party to pay these fees. This would be true if subsection (b)(iv) did not specifically state: "attorneys' fees *which shall be borne by each party individually*." (Doc. No. 7-1 at 28) (emphasis added). As it stands, the plain language of subsection (b)(iv) requires each party to bear their own attorneys' fees at arbitration. This directly conflicts with the plain language of subsection (b)(v), which provides that, "[t]he prevailing party in any arbitration or court proceedings shall be reimbursed by the other party for all costs, expenses and charges, including, without limitation, reasonable attorneys' fees, incurred by said prevailing party." (*Id.*).

In the face of this conflict, the question becomes whether these two subsections can be reconciled. Bay Shore contends subsection (b)(v) should control here because it is a "specific provision" and because the additional reference to attorneys' fees shifting in Section 15.7 evinces the intent of the parties. (Doc. No. 34 at 6-8). These arguments intertwine.

4

First, it is true that "[w]hen faced with provisions that are arguably in conflict, [Ohio courts] apply the more specific provision." *Marusa v. Erie Ins. Co.*, 991 N.E.2d 232, 235 (Ohio 2013) (citing *Mut. Life Ins. Co. v Hill*, 193 U.S. 551, 558 (1904)). Bay Shore argues subsection (b)(iv) is the "general provision" because it discusses more topics than fees and costs, while subsection (b)(v) discusses this topic alone.

Contrary to Bay Shore's argument, the breadth of the clause alone does not govern. Rather, what matters for purposes of distinguishing a "general provision" from a "specific provision" is the specificity of the language. For example, in *Garofoli v. Whiskey Island Partners, Ltd.*, the court applied Section 2.1 rather than Section 2.2 of that agreement because, "'any other cause' in Section 2.2 is general language, whereas 'unless such damage or loss is directly caused by the negligent act or omission of the Marina or its employees,' [in Section 2.1] is specific." 25 N.E.3d 400, 406 (Ohio Ct. App. 2014); *see also Hedrick v. Spitzer Motor City, Inc.*, No. 89306, 2007 WL 4442689, at *2-*3 (Ohio Ct. App Dec. 20, 2007) (applying a "specific" clause releasing the specific car dealership from only warranty claims rather than a "general" clause releasing not only the specific dealership, but also the manufacturer and its subsidiaries "from all known and unknown claims…related to [the vehicle].").

Here, subsection (b)(iv) specifically requires that parties bear their own attorneys' fees. This specific provision cannot be ignored in favor of a conflicting specific provision. Because both provisions are specific, neither of these subsections may be applied over the other.

But the general vs. specific rule does apply to Bay Shore's next argument, that Section 15.7 combined with subsection (b)(v) evinces the parties' intent to shift attorneys' fees. Section 15.7 provides

> If legal advice or assistance is obtained to enforce any provision of this Agreement and a final determination of a court of competent jurisdiction is made, the prevailing party shall recover from the non-prevailing party all reasonable attorneys' costs, expenses and fees incurred in connection therewith.

(Doc. No. 7-1 at 20).

5

This is the sort of "general" provision over which "specific" provisions are given preference. It is true that an extremely broad reading of Section 15.7 could include all arbitration-related and court-related attorneys' fees which ultimately result in a final judgment by a court of competent jurisdiction, even if that is a simple arbitration award confirmation. But subsection (b)(iv)'s "specific" requirement that parties bear their own attorneys' fees in arbitration must apply over this broad reading of Section 15.7. *See German Fire Ins. Co. v. Roost*, 45 N.E. 1097, 1099 (Ohio 1897) ("[A] special provision will be held to override a general provision only where the two cannot stand together. If reasonable effect can be given to both, then both are to be retained.").

Because no rule of construction permits me to favor subsection (b)(v) over (b)(iv) as argued by Bay Shore, all that remains is the conflicting language. Ultimately, I can ignore subsection (b)(iv)'s "which shall be borne by each party individually," no more than I could ignore subsection (b)(v)'s "arbitration or." (Doc. No. 7-1 at 28). Because the two provisions are irreconcilable, I must conclude there was no meeting of the minds as to arbitration-related attorneys' fees and find subsection (b)(v) unenforceable insomuch as it relates to arbitration-related attorneys' fees. Accordingly, Oxbow did not breach the LSA by failing to "voluntarily pay[ ]" Bay Shore's arbitration-related attorneys' fees pursuant to that subsection. (Doc. No. 32-1 at 5).

## V.    CONCLUSION

For the foregoing reasons, I hereby grant Oxbow's motion for summary judgment, (Doc. No. 33), and deny Bay Shore's motion, (Doc. No. 32).

So Ordered.

                                            s/ Jeffrey J. Helmick
                                            United States District Judge